IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL HAYES SLEMMER,

        Plaintiff,                 No. CIV S-11-1105 DAD P

    vs.

MIKE McDONALD, Warden,

        Defendant.         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff has initiated this action by filing a letter with this court along with copies of documents relating to his prison disciplinary proceeding on charges of assaulting a peace officer.  It appears that plaintiff is attempting to allege that he was the victim of the excessive use of force and retaliation by correctional officers at his institution of confinement.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.  Failure to File a Complaint**

        Plaintiff has not filed a complaint which is required to commence a legal action.  See Rule 3 of the Fed. R. of Civil P.  The court will direct the Clerk of the Court to provide plaintiff with the court's form complaint for a civil rights action.  Plaintiff must answer each question in the form complaint and file it within thirty days from the service of this order.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

1

the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Therefore, plaintiff must provide factual allegations as to the involvement of each named defendant in any claimed constitutional violation. Plaintiff must also clarify whether the lost 90-days of time credits he refers to in his letter have been restored.[1] Below, the court will also provide plaintiff guidance by setting forth the applicable legal standards with respect to the claims it appears he may be attempting to present.

**II. Legal Standards Applicable to Plaintiff's Apparent Claims**

    A.  Excessive Force Claim

       The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment under the Eighth Amendment. See Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). "[W]henever prison officials stand accused of using excessive physical force . . . , the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7. See also Whitley, 475 U.S. at 320-22. This requires a state of mind that is more culpable than deliberate indifference. See Farmer v Brennan, 511 U.S. 825, 835-36 (1994). "The claimant must show that officials applied force maliciously and sadistically for the very purpose of causing harm, or . . . that officials used force with a knowing willingness that [harm] occur." Id.

---

[1]  According to the written ruling following plaintiff's prison disciplinary hearing, if plaintiff remains disciplinary-free for six months from the date the rules violation report was issued, the lost time credits will be restored. (Doc. No. 1 at 6.) This is significant because if plaintiff is contending that he suffered a loss of good-time credits that will affect the duration of his statement this civil rights action would be barred by the decision in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), unless the prison disciplinary conviction has been reversed or otherwise expunged or set aside. This action may also be Heck-barred if a decision in favor of plaintiff would call into question the validity of the disciplinary conviction. However, at this time the court does not have sufficient information before it to make that determination.

1  (internal quotation marks and citations omitted).  In determining whether there was a culpable

2  state of mind, the court may consider the following factors: (1) the need for the use of force, (2)

3  the relationship between the need and the amount of force used, (3) whether a threat was

4  reasonably perceived by the official, (4) efforts made to temper the severity of the force used, and

5  (5) extent of injury suffered by the inmate.  See Hudson, 503 U.S. at 7.

6          B.  Retaliation Claim

7          To support a claim of retaliation under section 1983, a prisoner must allege that

8  (1) prison officials retaliated against him for exercising his constitutional rights, and (2) the

9  retaliatory action does not advance legitimate goals of the correctional institution or is not

10  narrowly tailored to achieve those goals.  See Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

11  1985).  A prisoner must also allege facts establishing that the protected conduct was a substantial

12  or motivating factor for the alleged retaliatory acts.  See Mt. Healthy City Board of Ed. v. Doyle,

13  429 U.S. 274, 285-87 (1977).  Retaliatory motive may be inferred from the timing and nature of

14  the alleged retaliatory activities.  See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314-16

15  (9th Cir. 1989).  Bare allegations are insufficient to avoid summary dismissal of a retaliation

16  claim.  See Rizzo, 778 F.2d at 532, n.4; see also Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.

17  1988).

18  **III.  Filing Fee or Application Requesting Leave to Proceed In Forma Pauperis**

19          Plaintiff must submit the $350.00 filing fee or an application requesting leave to

20  proceed in forma pauperis.  Plaintiff is cautioned that the in forma pauperis application form

21  includes a section that must be completed by a prison official, and the form must be accompanied

22  by a certified copy of plaintiff's prison trust account statement for the six-month period

23  immediately preceding the filing of this action.

24  **IV.  Request for Appointment of Counsel**

25          Plaintiff has requested the appointment of counsel.  The United States Supreme

26  Court has ruled that district courts lack authority to require counsel to represent indigent

3

1   prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

2   certain exceptional circumstances, the court may request the voluntary assistance of counsel

3   pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

4   Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court

5   does not find the required exceptional circumstances.  Plaintiff's request for the appointment of

6   counsel will therefore be denied.

7                                              CONCLUSION

8              In accordance with the above, IT IS HEREBY ORDERED that:

9              1.  Plaintiff is granted thirty days from the date of service of this order to file a

10  complaint and to submit either the $350.00 filing fee or an application to proceed in forma

11  pauperis.  The complaint and in forma pauperis application must bear the docket number

12  assigned this case.

13             2.  The Clerk of the Court is directed to send plaintiff the form complaint for

14  filing a civil rights action under 42 U.S.C. § 1983 with the accompanying instructions and an

15  Application to Proceed In Forma Pauperis By a Prisoner with the accompanying information

16  sheet.

17             3.  Plaintiff's April 25, 2011 motion for the appointment of counsel (Doc. No. 2)

18  is denied without prejudice; and

19             4.  Failure to file a complaint and to submit the $350.00 filing fee or to file an

20  application to proceed in forma pauperis in accordance with this order will result in a

21  recommendation that this action be dismissed.

22  DATED: May 10, 2011.

23

24

25  DAD:4                                       DALE A. DROZD
    slem1105.14                                 UNITED STATES MAGISTRATE JUDGE

26

                                                   4